UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CENTRAL BUICK, GMC, INC., a Florida corporation, and CENTRAL BUICK, GMC, INC., in the name of the FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES and STATE OF FLORIDA for the use and benefit of CENTRAL BUICK, GMC, INC.,**

    **Plaintiffs,**

v.                                                  **Case No.: 8:15-cv-2393-T-27AAS**

**GENERAL MOTORS LLC,**
**a Delaware Limited Liability Company,**

    **Defendant.**
_____/

## ORDER

Before the Court is Defendant General Motors LLC's Motion to Compel Production of Documents from Plaintiff Central Buick, GMC, Inc. (Doc. 17).

On September 4, 2015, Plaintiff filed this action, which alleges that Defendant breached the Florida Dealer Protection Act when it terminated the Dealer Sales and Service Agreement entered between the parties. (Doc. 2). The complaint sought injunctive relief, damages, and attorney's fees and costs. (Doc. 2).

Defendant propounded its first Requests for Production to Plaintiff on February 2, 2016. (Doc. 17, Ex. A). Plaintiff served its responses on March 17, 2016, followed by two sets of supplemental responses. (Doc. 17, Exs. B, C, D). On September 21, 2016, Defendant filed the instant Motion to Compel, seeking to compel production of documents in response to the following requests:

1

>Request 47. Any and all weekly, monthly, quarterly, and annual sales records, balance sheets, ledgers, computer discs or printouts of computer information reflecting the sales, income, expenses, losses and/or profits of Central from 2012 to the present.
>
>Request 48. All annual financial statements of Central prepared by outside accountants or auditors from 2012 through 2015.
>
>Request 52. Copies of all bank account statements and ledgers of Central from 2012 to the present.

(Doc. 17). Notably, Defendant emphasizes in its Motion to Compel that the documents sought by these three requests are "materially relevant to [Plaintiff's] claims for damages and [Defendant's] defenses to them." (*Id.* at p. 5 & 6)

On October 11, 2016, Plaintiff filed an Unopposed Motion for Extension of Time to Respond to the Motion to Compel on the grounds that Plaintiff intended to file an Amended Complaint withdrawing its claim for damages and mooting the Motion to Compel. (Doc. 20). On November 18, 2016, Plaintiff filed an Amended Complaint in which Plaintiff seeks only injunctive relief, not damages (Doc. 27).[1]

>The Federal Rules of Civil Procedure provide that:
>
>>Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Here, as Plaintiff filed an Amended Complaint, which lacks a claim for

---

[1] On October 19, 2016, Plaintiff filed a Memorandum in Opposition to Plaintiff's Motion to Compel, opposing the Motion and again stating that it intended to file an Amended Complaint mooting the issue. (Doc. 24).

damages, the financial documents requested are no longer relevant.

Accordingly and upon consideration, it is **ORDERED** that Defendant's Motion to Compel Production of Documents (Doc. 17) is **DENIED as moot**.

**DONE AND ORDERED** in Tampa, Florida on this 28th day of November, 2016.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge