UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTRAL BUICK, GMC, INC., et al.,

    Plaintiffs,

vs.                                                 Case No. 8:15-cv-2393-T-27AAS

GENERAL MOTORS LLC,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Joint Agreed Motion to Seal Motions, Depositions, and Documentation (Dkt. 34) and Joint Agreed Motion for Extension of Time to File Dispositve and *Daubert* Motions (Dkt. 35). Upon consideration, the Motion to Seal (Dkt. 34) is **DENIED** and the Motion for Extension of Time (Dkt. 35) is **GRANTED**.

Plaintiffs bring this action pursuant to the Florida Dealer Protection Act ("the Act"), Fla. Stat. §§ 320.60-320.70, seeking an Order restraining and enjoining Defendant General Motors LLC ("GM") from terminating and/or discontinuing the franchise agreement between Central Buick, GMC, Inc. ("Central") and GM. Florida enacted the Act "to ensure fair dealing at all levels among all participants in the distribution and sale of motor vehicles, and to redress the economic imbalance which naturally exists between national manufacturers and local dealers." *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of N. Am., Inc.*, 32 F.3d 528, 533 (11th Cir. 1994) (citing *International Harvester Co. v. Calvin*, 353 So.2d 144, 147 (Fla. 1st DCA 1977)). Its purpose is "to protect the public health, safety, and welfare of the citizens of the state by regulating the licensing of motor vehicle dealers and manufacturers, maintaining competition, providing consumer protection and fair

1

trade and providing minorities with opportunities for full participation as motor vehicle dealers." Fla. Stat. § 320.605. And "[t]his legislation is directed toward eliminating the 'harsh practices large manufacturers had inflicted upon franchisees.'" *Mike Smith Pontiac*, 32 F.3d at 533 (quoting *Mercedes–Benz of North America, Inc. v. Department of Motor Vehicles*, 455 So.2d 404, 410 (Fla. 2d DCA 1984)) (citing *see International Harvester*, 353 So.2d at 147); *see also Dick Winning Chrysler Plymouth of Ft. Myers, Inc. v. Chrysler Motors Corp.*, 750 F.2d 895, 898 (11th Cir. 1985) (the Act was enacted to facilitate the intent of ensuring fair dealing).

The parties seek to seal the testimony of seven witnesses, GM's two corporate witnesses, Plaintiff's expert, GM's two experts, Central's owner, and Central's general manager, and the related exhibits "in their entirety." (Dkt. 34 ¶ 12). The parties seek to seal the testimony of four witnesses, GM's corporate witness, GM's zone manager, GM's regional director, and GM's district manager, and the related exhibits in the following five categories:

(1) GM's methodology and practices regarding the allocation and distribution of Buick and GMC vehicles;

(2) GM's methodology for defining and creating GM's dealers' Area of Primary Responsibility;

(3) Florida Buick-GMC RSI Dealer Ranking Reports which contain sales and RSI information for non-party Florida Buick-GMC dealers, including Central;

(4) sales and registration data and analysis for Florida Buick-GMC dealers, vehicle allocation information and Area of Primary Responsibility information and evaluation; and

(5) Central's business operations information, including Central's federal tax returns and Central's detailed monthly financial statements.

The parties also seek to seal their respective motions for summary judgment in their entirety.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common

law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including summary judgment motions, motions *in limine*, and *Daubert* motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001).[1]

The decision to seal is the trial court's prerogative, not the parties'. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The parties' mutual agreement to keep documents confidential or to seal materials is "immaterial" to a court's decision regarding the public's right of access. *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1016 (11th Cir. 1992). The right to file a document under seal does not automatically follow a confidentiality designation during discovery. *See Baxter*, 297 F.3d at 545 (denying renewed, joint motion to place documents under seal, and stressing that parties must offer legal justification for placing documents under seal, not merely label documents as confidential); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) (common law right of access cannot be overcome by "stereotyped and conclusory statements").[2]

The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate

---

[1] *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (*Daubert* materials).

[2] *In Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

>privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

The Local Rules for the Middle District of Florida also govern a motion to seal. The movant must include "(i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal." M.D. Fla. L.R. 1.09(a).

The parties contend that "[n]one of this information concern . . . public concerns." (Dkt. 34 ¶ 7). But, Central seeks an injunction in the name of the Florida Department of Motor Vehicles and the State of Florida pursuant to Fla. Stat. § 320.695, and brings this case pursuant to the Florida Dealer Protection Act, the purpose of which is to "to protect the public health, safety, and welfare of the citizens of the state", Fla. Stat. § 320.605. And, during relevant time frames, Central contends that GM was "mostly owned by the United States government because of the tax-payer bailout"(Dkt. 27 ¶ 57).[3]

The parties fail to show "good cause" for sealing seven depositions in their entirety, four depositions in part, and their respective dispositive and *Daubert* motions in their entirety. The parties fail to provide the reason a means other than sealing, such as redaction, is unavailable. The right to file a document under seal does not automatically flow from the parties designation of certain

---

[3] Central alleges that in July 2009, the company now known as GM was formed and mostly owned by the United States government and refers to sales performances from 2011-2015 when alleging that the termination of its franchise agreement was not in good faith. (Dkt. 27 ¶¶ 57, 121, 123, 125, 129, 131, 132, 136, 137). Central does not allege when the United States government ceased having ownership in GM.

4

testimony or documents as "confidential." *See Baxter*, 297 F.3d at 545; *Brown*, 960 F.2d at 1016.

Accordingly, the Joint Agreed Motion to Seal Motions, Depositions, and Documentation (Dkt. 34) is **DENIED.** The Motion for Extension of Time (Dkt. 35) is **GRANTED**. The deadline to file their *Daubert* and dispositive motions is extended to January 20, 2017.

**DONE AND ORDERED** this __17th__ day of January, 2017.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record